IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

Vs.          Case No.  98-40107-06-SAC

JOSE S. RODRIGUEZ,

       Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(b).

On April 5, 2000, defendant pleaded guilty to multiple counts of the superseding indictment.  Dk. 115.  He was sentenced on May 8, 2001 to a term of 195 months.  Dk. 266.  Defendant has not filed a direct appeal or any motion pursuant to § 2255.  Instead, defendant filed this

motion on May 2, 2005, pursuant to Fed. R. Civ. P. 60(b)(5) and (6).[1] Essentially, defendant argues that, in light of the Supreme Court's recent sentencing-related decision in *United States v. Booker*, it would be inequitable to continue to enforce the judgment of sentence entered against him.

Aware of the recent trend to treat motions by federal prisoners to set aside their convictions on constitutional grounds as § 2255 motions regardless of the label affixed to the motion, *see United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), the court first determines whether defendant's motion is properly characterized as arising under the civil procedural rule 60(b). The subsections of Rule 60 invoked by defendant essentially provide that, on motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding if it is no longer equitable that the judgment should have prospective application, or if any other reason justifies relief from the operation of the judgment.

---

[1] Section 2255 motions are subject to a one-year limitations period. Motions pursuant to 60(b)(5) or (6) are not subject to any stated statute of limitations but must be made "within a reasonable time." *Id*.

The Supreme Court recently examined Rule 60(b)'s application in the habeas context in *Gonzalez v. Crosby*, --- U.S. ----, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).  It held that Rule 60(b) remains viable in the habeas context only to the extent it is "not inconsistent with" AEDPA and other applicable federal statutory provisions and rules. *Gonzalez*, 125 S. Ct. at 2646.  The Court specifically anticipated motions, such as the present one, which might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. R. Civ. P. 60(b)(6), from the previous denial of a claim.  The Supreme Court stated: "[v]irtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez v. Crosby*, 125 S. Ct. at 2647.  The Supreme Court affirmed the correctness of those holdings, and reasoned:  "Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Gonzalez v. Crosby,* 125 S. Ct. at 2647-2648.

As stated in *Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir.2002), AEDPA's provisions "bar a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's federal habeas corpus (including section 2255) proceeding. Otherwise AEDPA's limitations on collateral attack would be set at naught." *See Rodwell v. Pepe*, 324 F.3d 66, 67 (1st Cir. 2003) (finding it implausible that Congress "wanted Rule 60(b) to operate under full throttle in the habeas context.").

The court is aware that *Gonzalez v. Crosby* involved a § 2254 action, and that the Supreme Court limited its decision to cases under that statute. *Id*., at 2646 n. 3. However, this court is unable to discern any reason that *Gonzalez* would be inapplicable to the facts of this case, and considers the holding in *Gonzalez*, if not binding, certainly strongly persuasive authority. *See United States v. Scott*, 414 F.3d 815 (7th Cir.

4

July 17, 2005)(applying *Gonzalez* in 2255 proceedings); *United States v. Terrell*, 2005 WL 1672122 (11th Cir. July 19, 2005)("Although *Gonzalez* addressed a Rule 60(b) motion and decided the issue only under § 2254, *see id.* at n. 3, we believe that its holding and rationale apply equally to § 2255.")

Tenth Circuit precedent is to the same effect in holding that a defendant cannot utilize Fed. R. Civ. P. 60(b) to seek extraordinary relief from the final judgment of conviction and circumvent the restrictions of 28 U.S.C. § 2255. *Cf, United States v. Lucero*; 123 Fed. Appx. 918, 920 (10th Cir. 2005); *United States v. Brown*, 7 Fed. Appx. 825, 828 (10th Cir.2001); *United States v. Sternberg*, 2001 WL 170479, *1-2 (10th Cir. Feb. 21, 2001) (holding Rule 60(b)(6) motion may not circumvent the restrictions on filing second or successive petition in a § 2255 proceeding); *United States v. Crowell,* 182 F.3d 933 (Table) (10th Cir. Apr 21, 1999); *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998) (per curiam) (holding Rule 60(b) motion filed after the dismissal of a federal petition for habeas corpus should per se be treated as a second or

successive habeas petition under AEDPA).

A Rule 60(b) motion which challenges the constitutionality of the conviction based on a purported change in the substantive law governing the claim and which could be used to circumvent the dictates of § 2255, is properly construed as a § 2255 motion. *See United States v. White*, 124 F.3d 218, 1997 WL 579187, *1 (10th Cir. 1997) (finding no claim for relief in motion styled as a Fed. R. Civ. P. 60(b) motion, where defendant sought to vacate the judgment of conviction); *United States v. Al-Amin*, 176 F.3d 489, 1999 WL 215373, *2 (10th Cir. 1999) (affirming district court's construction of a Rule 60 motion as one brought pursuant to 28 U.S.C. § 2255); *United States v. Canedo*, 2005 WL 2175160, *2 (D. Kan. 2005) (construing Rule 60 motion as § 2255 motion because of the nature of the motion); *United States v. Gottlieb*, 211 F.R.D. 656 (D. Kan. 2003) (holding defendant cannot seek to circumvent the statute of limitations of habeas relief by disguising his motion under Rule 60(b); no need to give defendant opportunity to re-file or cure where defendant is time-barred from direct and collateral appeals).

The court therefore examines whether defendant's motion complies with or contravenes the limitations governing § 2255 motions. As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 establishes a one-year limitations period for federal prisoners to file § 2255 motions.[2]  *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  Such motions must be filed within one year of the date the judgment becomes final. Where, as here, a defendant does not pursue a timely appeal to the court of appeals, the conviction and sentence become final and the one-year limitations period begins running upon the expiration of the time for filing the appeal.  *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).  The defendant filed this § 2255 motion nearly four years after the time expired for filing his direct appeal, and he does not advance any allegations that would warrant the application

---

[2]The relevant portions of § 2255[¶ 6] state:
"The limitation period shall run from the latest of--
(1) the date on which the judgment of conviction becomes final;
....
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

of equitable tolling in this case.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of statute permitted in only rare and exceptional circumstances).

Nor could defendant's petition be deemed timely filed within one year of  "the date on which the right was initially recognized by the Supreme Court," which right has been "made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255 [¶ 6](3).  The right claimed by defendant arises out of *United States v. Booker*, 543 U.S. ----, 125 S. Ct. 738, 748, 160 L. Ed. 2d 621 (2005), which applied  *Blakely v. Washington*, 542 U.S. 296 (2004),  to invalidate the federal sentencing guidelines insofar as they were mandatory.  But the Tenth Circuit has held that the principles of *Blakely* and *Booker* do not apply retroactively to cases which were final at the time those decisions were issued.  *United States v. Bellamy*, 411 F.3d 1182, 2005 WL 1406176 (10th Cir. 2005) (*Booker* ); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely*).  Defendant's case was final at the time those decisions were rendered, foreclosing this avenue of relief.  No other provisions are

arguably applicable to this case.

Defendant's motion attacks the legality of his sentence and could be used to circumvent the limitations which would have barred him from bringing this motion pursuant to § 2255.  Accordingly, and for all the reasons set forth above, the court construes defendant's motion as one pursuant to 28 U.S.C. § 2255 despite its characterization as one arising under Rule 60(b),[3] and finds it to be untimely under AEDPA.

IT IS THEREFORE ORDERED that defendant's motion for relief from judgment is construed to be a motion pursuant to 28 U.S.C. § 2255, and is denied as untimely.

Dated this 1st day of November, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[3] Had the court analyzed defendant's motion under traditional 60(b) analysis, the result would have been no different, as no extraordinary circumstances warranting relief have been shown.  *See United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988).