IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                              Case No.  98-40107-06-SAC

JOSE S. RODRIGUEZ,

                Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for reconsideration or, in the alternative, request for certificate of appealability. Defendant challenges the court's recent order which construed what defendant styled as a Fed. R. Civ. P. 60(b) motion as a § 2255 motion, and denied relief. Dk. 307.

Defendant contends that the court failed to note his claim of actual innocence. He further contends that even if the court properly construed his pleading as a § 2255 motion, the court should consider that

motion to be timely because it was "filed through the gateway of actual innocence." Defendant seeks an opportunity to develop his constitutional claims.

Defendant's claim of actual innocence is not that he is factually innocent of the drug conspiracy and money laundering crimes to which he pled guilty, but only that he is "innocent of the leader organizer enhancement." Dk. 308, p. 3. Defendant believes it is impossible for him "to be guilty of being a leader organizer of a conspiracy with which he was not even charged and to which another person pled guilty and received a sentencing enhancement as being the true leader organizer of that conspiracy."[1] *Id.*

Defendant thus claims that he is innocent of the sentence, but not of the underlying offense of conviction. This is insufficient. *See Reid v. State of Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996) (finding the

---

[1] Defendant's belief is erroneous. Defendant plead guilty to Count 4, conspiracy to distribute a mixture containing a detectable amount of methamphetamine, (Dk. 255), and "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." USSG § 3B1.1 (n. 4).

2

"miscarriage of justice" exception requires a claim of actual innocence regarding the offense under review); *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993) (finding "[a] person cannot be actually innocent of a noncapital sentence.")

The Tenth Circuit has recognized that in certain cases, a petitioner may be "innocent of the sentence." *See Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir.1994) (holding "[i]n a habitual offender case, the petitioner is actually innocent of the sentence if he can show he is innocent of the fact- *i.e.*, the prior conviction-necessary to sentence him as an habitual offender." ) However, that theory does not apply to sentence enhancements which do not depend upon the existence or validity of a prior conviction. *See e.g., Randle v. Hargett* ,1992 WL 403115, *2 (10th Cir. 1992) (no federal habeas review where petitioner did not claim actual innocence of the offense of conviction, but contested only the enhancement of his sentence). Thus in the present case, petitioner's claim that he is innocent of the leader organizer enhancement merely expresses his belief that the enhancement was not warranted. This provides no reason for the

court to depart from its previous finding that defendant's motion was in reality a § 2255 motion instead of a Fed. R. Civ. P. 60(b) motion.

Nor does petitioner's claim of sentencing error render his § 2255 petition timely. Defendant does not claim actual innocence of the underlying offense, but had defendant done so, a conclusory claim of actual innocence is insufficient to entitle a petitioner to equitable tolling. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Accordingly, the court reaffirms its previous finding that plaintiff's pleading is properly construed as an untimely § 2255 motion.

## Certificate of appealability

Defendant requests, in the alternative, that the court issue a certificate of appealability, tacitly recognizing that an appeal from a final order in a proceeding under 28 U.S.C. § 2255 may not be taken unless a judge or circuit justice issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The certificate issues "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Defendant may make this showing by demonstrating that the

issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation marks, alteration, and citation omitted).  When the court denies a § 2255 motion on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 478 (2000) (construing 28 U.S.C. § 2253(c)).

Petitioner states nothing in support of his conclusory request for a certificate of appealability and has made no showing whatsoever.  Thus he has failed to show that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right or whether this court was correct in its procedural ruling on defendant's untimely § 2255 motion.

IT IS THEREFORE ORDERED that defendant's motion to reconsider or, in the alternative, for issuance of a certificate of appealability (Dk. 308) is denied.

Dated this 14th day of February, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge